**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KELLY J. DILLOW-LOPEZ,** : | |
|  : | **CIVIL ACTION NO. 3:16-1442** |
| **Plaintiff** : | |
|  : | **(JUDGE MANNION)**[1] |
| v. : | |
|  : | |
| **NANCY A. BERRYHILL,** : | |
| **Acting Commissioner of** | |
| **Social Security,** : | |
|  : | |
| **Defendant** : | |

## MEMORANDUM

Pending before the court is the defendant's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 22). Based upon the court's review, the motion will be denied.

On March 21, 2017, the court entered a judgment and order remanding the instant action on the basis that the administrative law judge, ("ALJ"), gave great weight to an examining physician and state agency physician and limited weight to three of the plaintiff's treating physicians. The defendant argues that,

---

[1] The instant action was originally assigned to the Honorable Edwin M. Kosik. However, by verbal order dated February 21, 2017, the matter was transferred to the undersigned.

in reaching that conclusion, the court made an erroneous statement of law that should be stricken from the March 21, 2017 memorandum.

Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) serve primarily to correct analytical errors in a prior decision of the court. See FED. R. CIV. P. 59(e); United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of . . . [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." Waye v. First Citizen's Nat. Bank, 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted). A motion for reconsideration is appropriate in instances where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals

Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996) quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Reconsideration of a judgment is an extraordinary remedy, and the court grants such motions sparingly. D'Angio v. Borough of Nescopeck, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

In this case, the Commissioner argues that the court made an error of law in concluding that, when evaluating treating physician opinions, "'[g]ood reasons' must be higher than substantial evidence, otherwise, the 'good reasons' language would be superfluous". The Commissioner argues that Congress has provided that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C.§405(g), and that substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 564-65 (1988) (quotation omitted). By making the disputed statement regarding good reasons, the Commissioner argues that the court concluded that the burden is higher than Congress requires when the Commissioner rejects a treating physician's opinion and reads an agency regulation in a way that allows agency regulation

to trump the evidence standard set forth by statute. The Commissioner argues that the regulations require only that the ALJ explain the weight given to a treating source opinion, not to provide more evidence than is required elsewhere in her decision.

In considering the Commissioner's argument, a number of other courts within this District have recognized the distinction between the review for legal errors as to such matters as the weight afforded treating physicians opinions, as opposed to the review for factual errors which are subject to the substantial evidence standard. See e.g., Orndorff v. Colvin, 215 F.Supp.3d 391 (M.D.Pa. 2016); English v. Colvin, 2016 WL 1271405 (Mar. 31, 2016 M.D.Pa.); McDonnell v. Colvin, 2016 WL 1425798 (Mar. 18, 2016 M.D.Pa.). The court finds no error of law as to the challenged statement in the memorandum of March 21, 2017, and will deny the Commissioner's motion seeking to have the statement removed.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 10, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1442-02.docx